**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NOT FOR PUBLICATION**

-------------------------------------------------------------------x
In re:                                                          .
                                                                .     Chapter 11
LEAR CORPORATION, *et al.*,                                     .
                                                                .     Case No. 09-14326 (ALG)
                                                                .     Jointly Administered
                                       Debtors.                 .
-------------------------------------------------------------------x
THE CHAMBERLAIN GROUP, INC. and                                 .
JOHNSON CONTROLS INTERIORS, LLC,                                .
                         Plaintiffs,                            .
                                                                .
             -against-                                          .     Adv. No. 09-01441 (ALG)
                                                                .
LEAR CORPORATION,                                               .
                         Defendants.                            .
-------------------------------------------------------------------x

### MEMORANDUM AND ORDER

Lear Corporation and its affiliated debtors ("Debtors") move to dismiss or stay an

adversary proceeding brought in the Debtors' Chapter 11 proceedings that duplicates, in

substance, a patent infringement suit that has been actively litigated in Illinois District Court for

over four years.  Plaintiffs in the Illinois suit and in the new adversary proceeding, The

Chamberlain Group and Johnson Controls Interiors (collectively, "Plaintiffs"), seek to move the

litigation to the District Court in New York.  For the reasons stated below, the new suit should be

dismissed in favor of the Illinois litigation.

### FACTS

Plaintiffs commenced a patent infringement lawsuit ("Illinois Suit") in the Northern

District of Illinois ("Illinois District Court") on June 13, 2005.  The case has been actively

litigated and is presently on remand from the Federal Circuit.  Just over four years after that case

commenced, on July 7, 2009 ("Petition Date"), the Debtors filed for protection under chapter 11

1

of title 11 of the United States Code ("Bankruptcy Code").  Upon the filing of the Debtors'

petitions, the Illinois District Court stayed proceedings in the Illinois Suit pursuant to § 362(a) of

the Bankruptcy Code and dismissed all pending motions without prejudice until the completion

of the Debtors' Chapter 11 cases or entry of an order lifting the automatic stay.

Plaintiffs instituted this adversary proceeding in the Debtors' Chapter 11 cases on August

19, 2009.  There is no dispute that the adversary proceeding asserts essentially the same claims

as the Illinois Suit.  The next day, Plaintiffs moved in the United States District Court for the

Southern District of New York for withdrawal of the reference pursuant to the mandatory

withdrawal provisions of 28 U.S.C. § 157(d).  The District Court has not yet decided the motion

to withdraw and proceedings in this Court are not stayed in the interim.  Fed. R. Bankr. P.

5011(c).

On September 8, 2009, the Debtors filed a motion requesting that this Court dismiss the

adversary proceeding under the first-filed doctrine or abstain from exercising jurisdiction over

the action.  The Debtors contend that the Illinois Suit, which has been ongoing for over four

years, should not be moved to New York to start anew, that the Illinois District Court is the

proper forum for the litigation, and that convenience and principles of comity dictate that this

Court dismiss the case or abstain from exercising jurisdiction.  Plaintiffs argue that special

circumstances exist which weigh in favor of allowing the adversary proceeding to proceed in

New York, in that the litigation will allegedly have a significant effect on the Debtors' Chapter

11 cases and should be located here.

For the following reasons, the Court finds that dismissal is mandated under both the first-

filed rule and under the doctrine of discretionary abstention, pursuant to 28 U.S.C. § 1334(c)(1).

**DISCUSSION**

Plaintiffs' tactic of commencing a new action in the Debtors' Chapter 11 case in New York allows them to argue that a lawsuit pending for four years in Illinois should be moved to New York and can be prosecuted forthwith, with no need to apply for transfer of the suit and no need to move for relief from the automatic stay. Although Plaintiffs' ploy is a novel one, in this Court's experience, it conflicts with a long-standing principle that the first to file of two cases should have priority, as well as with the statutory mandate that a bankruptcy court abstain "in the interests of justice" in an appropriate case. Under both doctrines, the new action should be dismissed.

*A. The First-Filed Doctrine*

The first-filed doctrine attempts to advance judicial economy by avoiding duplicative litigation and protecting a plaintiff's choice of forum. *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989). "'[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second.'" *Adam v. Jacobs,* 950 F.2d 89, 92 (2d Cir. 1991), quoting *First City Nat'l Bank*, 878 F.2d at 79. The doctrine is not intended to be applied mechanically, but it creates a strong presumption in favor of the forum of the first-filed suit. *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001).

Typically, the first-filed doctrine applies where the plaintiff in the first suit requests that the court enter an injunction to prevent the other party from proceeding with the second suit. However, as the Court said in *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202 (2d Cir. 1970), there is "no reason why the end result should be different when the party seeking to preserve the primacy of the first court moves the second court to stay its hand rather than asking

3

the first court to enjoin prosecution of the second case." The doctrine also applies where the

plaintiff in each action is the same party. *Kellen Co. v. Calphalon Co.*, 54 F. Supp. 2d 218, 223

(S.D.N.Y. 1999); *Cole v. Edwards*, 2004 WL 1874970, *3 (S.D.N.Y. Aug. 13, 2004); *see also*

*Semmes Motors*, 429 F.2d 1197.

The party seeking to avoid application of the first-filed doctrine has the burden of

showing that exceptional circumstances exist or that principles of convenience dictate

proceeding with the second action.  *Semmes Motors*, 429 F.2d at 1202; *Sotheby's Inc. v. Minor*,

2009 WL 73134, at *1 (S.D.N.Y. Jan. 6, 2009).  Plaintiffs' sole argument that exceptional

circumstances exist relates to the existence of the bankruptcy filing.  Thus, Plaintiffs assert that

the outcome of the Illinois Suit will "have a material affect on a range of aspects of Lear's

chapter 11 case: Lear's property interest in certain valuable technology and its right to continue

business based on the same; the amount of prepetition claims and the corresponding distributions

to creditors; the amount of administrative claims; and the possible effect of a substantial

judgment for postpetition damages on Lear's financing an [sic] plan of reorganization."

In the first place, it would seemingly be a debtor's argument, not a creditor's, that a suit

would have a major impact on the debtor's bankruptcy case.  Creditors rarely prefer a bankruptcy

forum (and indeed these Plaintiffs do not, having moved to withdraw the reference).  In any

event, the contention that the bankruptcy case will be materially impacted by the Illinois Suit, or

that the bankruptcy necessarily alters the manner of litigation of the suit, is wholly without

substance.  The Debtors have already scheduled a hearing on confirmation of their Chapter 11

plan of reorganization, and there is no indication in the approved disclosure statement that the

instant litigation is material to the feasibility of the plan or to any other confirmation issue.  If it

were, Plaintiffs' recourse would be to object to confirmation of the plan, not to attempt to move

the litigation from Chicago to New York.  Plaintiffs argue that the Debtors may move to estimate their claims for distribution purposes pursuant to § 502(c) of the Bankruptcy Code, but transfer from Illinois to New York will not simplify or positively affect any issue related to estimation, if there is such a motion.

Plaintiffs also fail to show that New York is a more convenient forum.  Courts generally consider a number of factors when weighing the convenience of the competing forums, including: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; (9) trial efficiency and the interests of justice based on the totality of the circumstances." *Kellen*, 54 F. Supp. 2d at 221.  As Debtors point out, convenience of the parties weighs heavily in favor of allowing the Illinois Suit to continue.  The three parties to the Illinois Suit are based in the Midwest, and nearly all of the witnesses are located in the Midwest.  Additionally, the alleged patent infringements occurred in the Midwest and the case has been pending in the Illinois District Court for over four years.  All these factors weigh in favor of dismissing Plaintiffs' case in New York in favor of the pending Illinois Suit.

Plaintiffs' motion to withdraw the reference from this Court to the District Court is evidence that their newly filed suit in New York has nothing to do with the Chapter 11 proceedings here and everything to do with avoiding further litigation in Illinois.  Plaintiffs have failed to show that exceptional circumstances exist that support moving the litigation to New York.  The new action should be dismissed under the first-filed doctrine.

5

*B. Abstention*

Dismissal under the first-filed doctrine is supported by the fact that the basic grant of

bankruptcy jurisdiction provides broadly for abstention "in the interest of justice."  28 U.S.C. §

1334(c)(1) provides that a district court, or a bankruptcy court by referral, may abstain from

hearing a proceeding related to a case under title 11 "in the interest of justice, or in the interest of

comity with State courts or respect for State law."[1]

As the statutory language indicates, most abstention is in favor of State courts and State

law, whereas in this case abstention would be in favor of another Federal court in a patent case.

In *In re Pan Am. Corp.*, 950 F.2d 839, 845-46 (2d Cir. 1991), the Court considered the issue of

abstention and found that § 1334(c), like other abstention doctrines, "manifest[s] federal respect

for state law and policy."  It indicated that these concerns are less implicated "where federal

questions are presented." *Id.* at 846-47.  Nevertheless, as the Court concluded in *Asbestos*

*Claimants v. Apex Oil Co. (In re Apex Oil Co.)*, 980 F.2d 1150, 1152 n. 7 (9th Cir. 1992), the

*Pan Am* Court did not rule out abstention in favor of another Federal court "in the interest of

justice."  As the *Apex* Court observed, the phrase "in the interest of justice" is a separate clause

stated in the disjunctive that does not refer to state law or policy.  *See also In re Portrait Corp. of*

*Am.*, 406 B.R. 637 (Bankr. S.D.N.Y. 2009) (discretionary abstention in favor of trademark action

pending in the U.S. District Court in Ohio).  Moreover, the *Pan Am* Court emphasized the "wide

discretion" that courts have "when deciding whether to exercise their transfer powers or to

abstain."  950 F.2d at 848.[2]

---

[1] Section 1334(c)(1) provides for so-called discretionary abstention.  Section 1334(c)(2) provides for mandatory abstention in connection with some non-core proceedings pending in a State court.

[2] The Supreme Court has stated that in cases of concurrent jurisdiction among several district courts, the typical abstention criteria give way to "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  The presence of specific statutory authority to abstain "in the interest of justice" demonstrates a Congressional determination that these principles should be applied in bankruptcy cases.

The presence of specific authority to abstain, along with the presence of the same factors that support application of the first-filed doctrine, demonstrate that this is a textbook case for dismissal of the new adversary proceeding.  The Illinois Suit has been pending for four years, and although there has been a change of judges, that Court has far more familiarity with the issues than any court in New York.  Illinois is a far more convenient forum for all parties.  There is also a public interest in preventing parties from moving litigation across the country merely because of a Chapter 11 filing, and dismissal is the appropriate remedy.[3]

## C. Relief from the Stay

At oral argument, the question arose whether Plaintiffs should have relief from the automatic stay to continue immediate prosecution of the Illinois Suit.  Many of the same considerations that establish that the issues raised in both lawsuits should be determined in Illinois dictate that that suit should proceed without substantial delay.  Since the Debtors appear to be nearing plan confirmation, the automatic stay appears to be close to termination by its own terms, in any event.  11 U.S.C. § 362(c).

However, Plaintiffs have not moved for relief from the stay, and as a matter of policy it should not be assumed that a stay must terminate merely because of an order in another dispute.  In some situations, different considerations may have to be taken into account in connection with the question of relief from the stay.  Accordingly, for present purposes, Plaintiffs are granted leave to settle on short notice an order granting relief from the stay with respect to the Illinois

---

[3] It is worth noting that the Judicial Code provides for the removal to the District Court (and by referral to the Bankruptcy Court) of actions that are related to a case filed under the Bankruptcy Code.  28 U.S.C. § 1452. However, bankruptcy removal would not automatically transfer a lawsuit from Illinois to New York merely because of the pendency of a bankruptcy case in New York.  Removal is to the "district court for the district where such civil action is pending," § 1452(a), and that court must consider whether to transfer the action.  Moreover, there is very broad authority to remand such an action "on any equitable ground," § 1452 (b), and courts regularly remand removed actions on substantially the same grounds as are used for discretionary abstention.  1 *Collier on Bankruptcy*, ¶ 3.07[5] (15th ed. rev. 2008).

7

Suit.  If the Debtors object, the Court will consider the matter further, but if there is no objection

an order will be entered granting relief so the Illinois Suit can continue.

### CONCLUSION

For the reasons set forth above, under the first-filed doctrine and principles of abstention

"in the interest of justice," the New York adversary proceeding should be dismissed in favor of

the Illinois Suit.  However, as also noted, Plaintiffs have a motion pending before the District

Court to withdraw the reference.  Accordingly, the effectiveness of the order of dismissal will be

stayed for ten days to give the Plaintiffs an opportunity to appeal or seek other relief or a future

stay in the District Court.

IT IS SO ORDERED.

Dated: New York, New York
       September 24, 2009


                              _/s/ Allan l. Gropper_____
                              UNITED STATES BANKRUPTCY JUDGE